IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
ANA LUISA SALINAS DE VALLE       )
et al., individually, and        )
acting in the interest of other  )
current and former employees,    )
                                 )    2:06-cv-2274-GEB-DAD
              Plaintiffs,        )
                                 )
     v.                          )    ORDER
                                 )
SIERRA CASCADE NURSERY, Inc., a  )
California corporation,          )
and DOES ONE through TWENTY,     )
inclusive,                       )
                                 )
              Defendants.        )
_____)
```

Plaintiffs move to remand this action to the state court from which it was removed. Defendant opposes the motion. For the following reasons, the motion will be granted.

BACKGROUND

Plaintiffs are alien farm workers from Mexico whom Defendant recruited to work as strawberry trimmers in Defendant's strawberry nurseries in Tulelake, California. (Compl. ¶¶ 1, 3.) Plaintiffs were admitted into the United States as temporary workers under the federal Guest Worker program, 8 U.S.C. § 1101(a)(15)(H)(ii)(a) ("H-2A"), and

1

1  entered into H-2A Employment Agreements ("H-2A Agreements") with
2  Defendant.  (Id. ¶¶ 3, 8.)  The Department of Labor requires employers
3  of temporary workers with H-2 Agreements to comply with specific
4  federal employment regulations.
5  		Plaintiffs filed this action in Siskiyou County Superior
6  Court on October 16, 2006, alleging various employment and living
7  condition claims under California law.  (Compl. ¶¶ 1, 21-85.)
8  Defendant removed the action, arguing Plaintiffs have alleged a
9  federal question under 28 U.S.C. § 1331 since Plaintiffs' claims
10 "arise under" federal law.  (Mot. at 2-3.)
11 			DISCUSSION
12 		Plaintiffs seek to remand this action under 28 U.S.C. §
13 1477(c), arguing that the federal court lacks removal jurisdiction.
14 (Id. at 3.)  Defendant counters that three of Plaintiffs' claims arise
15 under federal law: breach of contract, misrepresentation (California
16 Labor Code section 970), and unlawful competition (California Business
17 and Professions Code section 17200).  (Opp'n at 4, 6, 7.)
18 		Thus, the issue is whether "the 'arising under' gateway
19 into federal court" authorized Defendant's removal.  Eastman v. Marine
20 Mech. Corp., 438 F.3d 544, 550 (6th Cir. 2006).  This portal can be
21 used when "the right to relief depends on the resolution of a
22 substantial, disputed federal question."  Arco Envtl. Remediation,
23 L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th
24 Cir. 2000.)  As the Supreme Court explained in Grable & Sons Metal
25 Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308,
26 312, 313 (2005), under this "variety of federal 'arising under'
27 jurisdiction . . . a contested federal issue [must be] a substantial
28 one, indicating a serious federal interest . . . ."

2

"[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. In Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S. Ct. 2121, 2137 (2006), the Supreme Court explained "Grable emphasized that it takes more than a federal element 'to open the 'arising under' door[,]'" and concerns a "slim category" of cases.

The parties dispute whether Plaintiffs' Complaint contains a claim that turns on resolution of a substantial, disputed question of federal law. Although Plaintiffs' Complaint contains references to H-2A regulations, Plaintiffs argue that their action is governed exclusively by California law. "Because of the 'congressional purpose to restrict the jurisdiction of the federal courts on removal,' the [removal] statute is strictly construed, and federal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" Duncan v. Suetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Defendant has "[t]he burden of establishing federal jurisdiction. . . ." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1995) (internal citations omitted).

I. Plaintiffs' Breach of Contract Claim

Defendant argues that Plaintiffs' breach of contract claim "arises under" federal law since it refers to federal H-2A regulations and therefore "the Court necessarily must analyze, interpret, and construe H-2A regulations." (Opp'n at 4-5.) Plaintiffs counter that the mere fact that federal regulations might be construed in connection with their contract claim does not automatically mean that claim arises under federal law. Further, Plaintiffs argue that

"Defendants fail to chronicle the myriad of state requirements" on which their contract claim is based, which include violations of state minimum wage standards; failure to pay wages for each hour worked and provide all benefits under California law; failure to provide necessary tools and equipment; and failure to provide no cost housing which meets the minimum standards of habitability under California law. (Reply at 4.) Plaintiffs concede the federal standards "incorporated into" their asserted contractual rights are important to the resolution of these claims; however, they contend that their claims only arise under state law and there is no substantial, disputed federal question in Plaintiffs' breach of contract claim. (Id. at 4-5.)

Defendant has not shown that resolving any arguable ambiguity in the terms of the contract presents a substantial federal question that "is so important that it 'sensibly belongs in federal court.'" Eastman, 438 F.3d at 552 (quoting Grable, 545 U.S. at 315). See also Mitchell v. Osceola Farms Co., 447 F. Supp. 2d 1307, 1313 (S.D. Fla. 2006.) It takes more than the mere existence of a federal element in a state claim to open the "arising under" jurisdictional door. Empire, 126 S. Ct. at 2136. "Although federal law might be consulted or referred to in interpreting the contract, [Defendant has] not [shown that it] governs the action." Corre v. Steltenkamp, 2006 WL 2385352, at *4 (E.D. Ky. Aug. 16, 2006).

II. Plaintiffs' Misrepresentation Claim (Cal. Lab. Code § 970)

Defendant also argues that to resolve Plaintiffs' misrepresentation claim alleged under California Labor Code section 970, "the Court will be required to analyze and interpret" the minimum productivity provisions of the H-2A regulations for determining

4

"exactly when Sierra Cascade was required to disclose the existence of the [work] production quota to Plaintiffs." (Opp'n at 6.) Plaintiffs reply that they

> [D]o not need to prove that the failure to disclose production quotas is a violation of the H-2A regulations . . . since the California Labor Code clearly prohibits the engagement of any person to change from any place outside to any place within the State, for the purpose of working in any branch of labor, through or by means of knowingly false representations concerning the kind, character, or existence of such work.[1]

(Reply at 7.)

Even if this claim is supported by federal regulations as Defendant argues, Defendant has not shown that this claim "arises under" federal law in the situation here where Plaintiff alleges it is supported by California law. See generally Rains v. Criterion Sys., Inc., 80 F.3d 339, 347 (9th Cir. 1966).

III. Plaintiffs' Unfair Competition Claim (Cal. Bus. & Prof. Code § 17200)

Lastly, Defendant argues federal question jurisdiction exists over Plaintiffs' state law claim for violation of California's Unfair Competition Law ("UCL") because "'at least one of the federal issues embedded in the complaint must be addressed.'" (Opp'n at 6 (quoting County of Santa Clara v. Astra USA, Inc., 401 F. Supp. 2d 1022, 1025 (N.D. Cal. 2005).) Plaintiffs respond that although their UCL claim "does reference violation of the H-2A statute and regulations . . . this does not necessarily raise a federal issue

---

[1] California Labor Code section 970 states, in relevant part: "No person . . . shall influence, persuade, or engage any person to change . . . from any place outside to any place within the State, . . . for the purpose of working in any branch of labor, through . . . knowingly false representations. . . concerning . . . [t]he kind, character, or existence of such work."

5

because Plaintiffs'. . . claim contains numerous separate and independent state law claims which may be relied upon in finding a violation of California's UCL." (Reply at 8 (citing Rains, 80 F.3d at 345).) Further, Plaintiffs argue their UCL claim contains allegations that could be sustained without resort to federal law. (Id.) "If . . . plaintiff[s] can support [their] claim with alternative and independent theories - one of which is a state law theory and one of which is a federal law theory - federal question jurisdiction does not attach.'" Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting Rains, 80 F.3d at 346).

Defendant has not shown why Plaintiffs' UCL claim is not supported by an "alternative and independent" state law theory.

## CONCLUSION

For the stated reasons, Plaintiffs' motion is granted and this case is remanded to the Siskiyou County Superior Court in California.

Dated: January 24, 2007

```
                          _____
                          GARLAND E. BURRELL, JR.
                          United States District Judge
```